IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONTA VAUGHN, | * | |
| Petitioner, | * | Civil Action No. RDB-11-0156 |
| v. | * | Criminal Action No. RDB-10-404 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Donta Vaughn ("Petitioner"), has filed a Motion to Vacate, Set Aside, or Correct Illegal Sentence (the "Motion") pursuant to 28 U.S.C. § 2255 (ECF No. 26). Petitioner entered a plea of guilty to one count of mailing threatening communications in violation of 18 U.S.C. § 876(b) pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with the government and Petitioner agreeing upon an 18-month sentence. Although the remedy sought in the Motion is not entirely clear, it appears that Petitioner alleges that he was not sentenced to the appropriate place, insofar as he claims that he only agreed to plead guilty to a sentence of 18 months contingent upon his being sent to a mental health treatment facility in Butner, North Carolina, and he requests a hearing and that this Court "[g]rant whatever sentencing conditions this Honorable court deem necessary." (ECF No. 26 at 19.) The government did not file an opposition to the Motion.

Because Petitioner has served the entirety of his sentence in this case, the Motion to Vacate or Correct Illegal Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Subsequent to the filing of the Motion, Petitioner was designated to the Volunteers of America Residential Reentry Center and found to have violated the conditions under which he was allowed to leave; he then filed a writ of habeas corpus relating to the disciplinary sanctions that had been imposed. (11-cv-3546-RDB, ECF No. 1.) That writ was denied on May 31, 2012. (_, ECF No. _.)

In the interim, however, Petitioner was indicted for and pled guilty to both escape from the halfway house on September 5, 2011 pursuant to \_\_\_\_ and for assault on a federal officer with a dangerous or deadly weapon pursuant to \_\_\_. (MJG case…)

This Court has reviewed the Motion and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, Petitioner's Motion to Vacate, Set Aside, or Correct Illegal Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

## BACKGROUND

## APPLICABLE LEGAL STANDARD

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for … under section 2255, a defendant must prove

## DISCUSSION

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate Sentence or Correct Illegal Sentence pursuant to 28 U.S.C. § 2255 (ECF No. \_\_) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:   December 20, 2012

                                              /s/
                                        Richard D. Bennett
                                        United States District Judge